IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
ALLSTATE INDEMNITY. CO. as      :
subrogee of STEVEN CLAUSER      :
                                :
            Plaintiff,          :   CIVIL ACTION
                                :
      v.                        :   No. 10-CV-5360
                                :
BRANDY MARTIN and               :
DUSTIN MARTIN,                  :
                                :
            Defendants.         :
```

### MEMORANDUM AND ORDER

**Joyner, C.J.**                                                      **July    , 2011**

This case comes before the Court as the result of the motion of Defendants, Brandy and Dustin Martin, for Leave to File a Third-Party Complaint against Steven Clauser, subrogor of Plaintiff, Allstate Indemnity Company. For the reasons set forth in this Memorandum, Defendants' Motion is denied.

### I.  Factual Background

The instant case arose out of a house fire on April 8, 2010 at 424 Stuart Lane, Ambler, Pennsylvania 19002. (Doc. 14, Pg. 2). The damage from the fire resulted in Plaintiff Allstate paying the owner of the house, Steven Clauser ("Clauser"), over $165,000 in benefits, pursuant to their contracted insurance policy. Id. Plaintiff then brought this action on October 12, 2010 as subrogee of Clauser, against Defendants Brandy Martin and Dustin Martin, who were Clauser's tenants and who Plaintiff

1

believes were responsible for causing the conflagration.  Id.  On December 29, 2010, Defendants filed their Answer to the Complaint.  Id.  Following discovery, on June 14, 2011, Defendants filed a motion seeking leave to file a third-party complaint against Clauser.  Id.

## II.  Legal Standard

Third Party Practice is governed by Fed. R. Civ. P. 14, which states in relevant part:

> A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it.  But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer.

Further, the Eastern District has adopted Local Civil Rule 14.1, "Time of Motion to Join Third Party," which provides that:

> (a) Applications pursuant to Fed. R. Civ. P. 14 for leave to join additional parties after the expiration of the time limits specified in that rule will ordinarily be denied as untimely unless filed not more than ninety (90) days after the service of the moving party's answer. If it is made to appear, to the satisfaction of the court, that the identity of the party sought to be joined, or the basis for joinder, could not, with reasonable diligence, have been ascertained within said time period, a brief further extension of time may be granted by the court in the interests of justice.

Moreover, as with any motion, Defendants' Motion for Leave to File a Third-Party Complaint must, "state with particularity the grounds for seeking the order..."  Fed. R. Civ. P. 7(b)(1)(B).

## III.  Discussion

Third-party complaints under Rule 14(a) "are characterized by the defendant's attempt to transfer to the third-party

2

defendant the liability asserted against him by the original plaintiff." <u>Baltimore & Ohio R. Co. v. Central Ry. Services, Inc.</u>, 636 F. Supp. 782, 786 (E.D. Pa. 1986) (<u>quoting</u> 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1446, at 257 (1971)).  The <u>Baltimore</u> Court further noted, "[a] mere factual relationship is insufficient under Rule 14.'  The third-party defendants' liability cannot simply be an independent or related claim but must be based upon plaintiff's claim against defendant." <u>Id.</u>

Here Defendants seek to recover their security deposit and damages for lost property through the filing of a Third Party Complaint against Clauser.  In so doing, Defendants claim that Clauser's negligence and disregard of a known dangerous condition contributed to the fire.  (Def.'s Mot., ¶¶ 11-12, Doc. 13). Beyond the aforementioned claims, Defendants' motion is vague, simply alleging that the fire was deemed to have resulted from an improperly wired outlet, a condition of which Clauser was allegedly aware.  (Def.'s Mot., ¶ 10, Doc. 13).  However, neither Defendants' Motion, nor the depositions of Fire Marshal of Upper Dublin Township Timothy Schuck and Robert Scholly of the Code Enforcement Department of Upper Dublin Township provide any support for this assertion.  To the contrary, Schuck stated in his deposition that both the interior and exterior outlets of the house were ruled out as the cause of the fire.  (Doc. 14-1, Pgs.

94, 107). Based on the claims in Defendants' motion, and absent a copy of their pleading attached to the motion, it appears that Defendants seek to simply assert new claims for refund of their security deposit and damages for property lost in the fire via a Third-Party pleading, which is improper.

Even if Defendants had properly submitted a draft of a pleading asserting contributory claims against Mr. Clauser, the claim would still be improper under Fed. R. Civ. P. 14(a). Subrogation is defined as the "substitution of one person in the place of another with reference to a lawful claim, demand or right, so that he who is substituted succeeds to the rights of the other in relation to the debt or claim, and its rights, remedies or securities." Black's Law Dictionary (6th ed. 1990). With regard to an insurance company, "the right to stand in the insured's shoes and to collect from the tortfeasor once it has paid the insured an amount representing the tortfeasor's debt is called the insurer's right to subrogation." Public Service Mut. Inst. Co. v. Sherry Kidder-Friedman, 743 A.2d 485, 488 (Pa. Super. 1999). In addition to the ability to assert claims in place of its subrogor, Allstate is also subject to all defenses that could be raised against Mr. Clauser. Reyna v. Phoenix Ins. Co., No. 10-588, 2011 WL 902424, at *2 (M.D. Pa. Mar. 15, 2011).

Though not explicitly stated by the Third Circuit or a Pennsylvania District Court, the Appellate Court of Illinois

4

provides the persuasive statement that, as a matter of law, an individual (such as Clauser in the instant case) cannot be liable in tort to himself.   Gov't Employees Ins. Co. v. Buford, 788 N.E.2d 90, 98 (Ill. App. 2003).  As such, a subrogor "cannot be liable in contribution to the defendant for damage to his own property."  Id. at 98.  "Whatever contributory negligence that [subrogor] may have been guilty of that proximately caused damage to his [property] might well have been the basis for the defendant asserting an affirmative defense against plaintiff's claim, but it could never form the basis of an action for contribution against [subrogor]."  Id.  Defendants do not have the ability to bring a third-party claim under Rule 14(a) against Mr. Clauser, because he cannot be liable in tort to himself.  Rather, Defendants' assertions should properly be filed as affirmative defenses or as a counterclaim against Plaintiff.

   Finally, as provided by Local Rule 14.1, Defendants had ninety days after they filed their Answer on December 26, 2010 in which to bring a third-party claim.  Defendants, however filed the claim in an untimely fashion on June 14, 2011.  While the Court may be lenient when evidence to support such a claim is discovered outside the ninety-day allotment, the statute outlines that a "brief further extension of time" will be granted in the interests of justice.  E.D. Pa. Local Rule 14.1.  Waiting almost six months to file the motion (three months after the depositions

of Mr. Schuck and Mr. Scholly), and providing inadequate reasoning for its delay, Defendants do not meet the required standard under Rule 14.1.  As such, Defendants' motion is also untimely and is denied for this reason as well.

### IV.  Conclusion

For all of the foregoing reasons, the Defendants' Motion for Leave to File a Third-Party Complaint is denied as set forth in the attached order.